DONALD SMITH *v.* MODERN BAKERY.

*(Nashville,* December Term, 1932.)

Opinion filed January 21, 1933.

E. A. LANGFORD and A. B. McKAY, for plaintiff in error.

BRYANT & HAILE, for defendant in error.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This suit was begun before a magistrate in the name of Modern Bakery against Donald Smith to recover damages for injuries inflicted upon a truck belonging to Modern Bakery by an automobile belonging to Smith. Smith's automobile was attached and a delivery bond was executed by Smith and certain sureties. On the trial before the magistrate there was a judgment for Modern Bakery and Smith appealed, certain other sureties joining in the appeal bond.

Up to the trial in the circuit court all proceedings were had with plaintiff below styled merely as Modern Bakery.

During the trial in the circuit court leave was had to amend the warrant and the attachment writ so as to show that Modern Bakery was a partnership "composed of Johnnie (J. H.) Whitley and W. H. Knowles." This amendment was made over the exception of defendant below. The circuit judge rendered judgment in favor

of plaintiff or plaintiffs for $150 and costs and also rendered judgment for a like sum against the sureties on the delivery bond, said judgment against the sureties to be satisfied by the return of the automobile attached to the proper officials. Judgment was likewise rendered against the sureties on the appeal bond for costs.

In various ways the defendant challenged the propriety of the amendment stated and made the point that such amendment of the warrant and of the attachment writ discharged the sureties on the delivery bond and also the sureties on the appeal bond. The defendant Smith alone appealed to this court. The case comes to this court on the technical record, no bill of exceptions having been taken, and no facts being in controversy.

Upon authority of *Irwin* v. *Sanders,* 13 Tenn. (5 Yerg.), 287, and other decisions of this court, we are constrained to the conclusion that the court below erred in rendering judgment against the sureties on the delivery bond and the sureties on the bond for appeal from the magistrate to the circuit court. In the case mentioned a magistrate's warrant issued in favor of Irwin and Vick against Julius Sanders. There was a judgment for plaintiffs and Sanders appealed to the circuit court, executing bond with one Lane as surety. In the circuit court leave was obtained to amend the warrant by inserting the christian names of Irwin and Vick. After some proceedings not necessary to detail, the suit was thereupon dismissed in the circuit court. On appeal this court held that the amendment was properly allowed so far as Sanders, the defendant, was concerned, but that the amendment released the surety on the appeal bond and this court rendered judgment against Sanders alone. Under circumstances somewhat similar, the court has

held sureties released by amendments of process in *Phillips* v. *Wells,* 34 Tenn. (2 Sneed), 154; *Smith* v. *Roby,* 53 Tenn. (6 Heisk.), 546; *Thomas* v. *Cole,* 57 Tenn. (10 Heisk.), 411. The reasoning of the cases is that the sureties might very well have thought that they ran small risk of liability had the suits been continued as originally instituted, without proper or necessary parties; that the amendments adding such parties enhanced the liability of the sureties, imposed upon them an obligation to which they had not assented, and accordingly released them. Such is the case before us. Whether a person or a partnership can maintain a suit in a trade name is a matter of doubt under the authorities. 47 C. J., 173, Notes 78 and 79. *Cain* v. *Kersey,* 9 Tenn. (1 Yerg.), 443, *Irwin* v. *Sanders, supra,* and perhaps other decisions of this court would indicate that such a suit could not be so carried on in this jurisdiction. We do not decide this question. The sureties are entitled to the benefit of the doubt. The doubt as to whether this suit could be maintained at all under the trade name may possibly have influenced the sureties to assume the risk of the bonds they signed. The amendment undoubtedly increased the risk they undertook, if they remained bound.

It is said that Smith alone prosecuted an appeal from the judgment of the circuit court and that the sureties are not in a position to complain of that judgment. The bonds which the sureties signed, however, are a part of the record in this cause and they continue in court by reason of this bond after the appeal bringing the case here. Upon the appeal by the principal, this court renders such judgment as the court below should have rendered and the sureties on bonds executed to bring the case to the circuit court are only bound for the proper

judgment of that court. *Moore* v. *Lassiter,* 84 Tenn. (16 Lea), 630, and cases cited. As heretofore seen, the circuit judge should have rendered judgment, after the amendment, against Smith alone. Judgment here will accordingly run against Smith and judgment for costs here against Smith and the sureties on his appeal bond given to bring the case to this court.