Cooke *v.* Neighborhood Grocery.

(*Nashville,* December Term, 1938.)

Opinion filed Dec. 17, 1938.

James C. R. McCall, Jr., of Nashville, for plaintiff in error.

William Gwosdof, of Nashville, for defendant in error.

Mr. Justice McKinney delivered the opinion of the Court.

B. L. Kennedy, doing business as the "Neighborhood Grocery," brought suit in his trade-name against Miss Jessie Cooke before a justice of the peace on an account and was awarded a judgment for the sum of $162.20 and costs. Miss Cooke perfected an appeal to the circuit court by subscribing to the oath provided for poor persons. The judgment entered in the circuit court is as follows:

"Upon motion of the plaintiff, it is ordered by the Court that said case be, and the same is hereby amended so as to sue in the name of B. L. Kennedy d/b as Neighborhood Grocery.

"Thereupon, the defendant was solemnly called to come into Court and prosecute her appeal, came not but made default;

"Thereupon, came the plaintiff by his attorney, and the case came on to be heard before the Hon. A. B. Neil, Judge, etc., sitting without the intervention of a jury, upon the plaintiff's evidence, argument of plaintiff's attorney, and upon due consideration thereof, the Court finds the matters in controversy in favor of the plaintiff and finds the defendant indebted to the plaintiff in the sum of $162.20;

"It is therefore ordered and adjudged by the Court that the plaintiff, B. L. Kennedy, d/b as Neighborhood Grocery, have and recover of the defendant, Miss Jessie M. Cooke, the sum of $162.20, also all the costs of this case, for all of which execution may issue."

Miss Cooke seasonably filed her motion for a new trial upon the following grounds:

"1. The motion to amend should not have been allowed because the warrant was void for want of a plaintiff having legal existence, and could not be amended.

"2. The motion to amend should not have been allowed in the absence of the defendant, and the only proper judgment was to dismiss the appeal and affirm the judgment below with costs, without entering a default judgment in this Court in favor of a new plaintiff."

The motion was overruled and the case was appealed to the Court of Appeals by taking the statutory oath of poverty, and in the latter court the judgment of the circuit court was affirmed. The case is in this court upon petition for writ of *certiorari*.

█ It will be observed that the motion for a new trial treats the warrant as having been amended so as to make B. L. Kennedy the plaintiff. If this amendment was lawful, then the judgment in the circuit court is valid. In *Smith* v. *Modern Bakery*, 165 Tenn., 508, 56 S. W.

(2d), 163, the court expressly approved the allowance of such an amendment, the only distinction being the personal presence of defendant in that case, while in this case the defendant was only constructively present. We hold that the order to amend was proper even though the defendant was not present in person.

Section 10190 of the Code is as follows:

"No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the. cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo."

■ ■ This statute does not require the giving of notice to defendant that a motion will be made to amend a writ or warrant, and such is not the practice. In *Fowlkes* v. *Webber,* 27 Tenn. (8 Humph.), 530, 533, the court speaking through Judge GREEN, said: "By our practice, a defendant, is supposed to be in court, after the service of the writ, until the final judgment without entering his appearance; and, as by law, the court may from time to time, amend the writ and other process on such terms, as in its discretion it may prescribe; it is incumbent on the other party, to ask for such order, as may be reasonable, or as the amendment allowed his adversary, may make necessary." In that case it was held that after judgment by default the court might well authorize an amendment of the writ enlarging the claim for damages from $1,000 to $2,000.

In the instant case it was the duty of the defendant to appear and prosecute her appeal if she, in fact, had

any valid defense to the action. Failing to appear in person, her creditor had a right to amend his warrant and to recover a judgment for the debt due him.

The judgment of the circuit court was in effect an affirmance of the judgment rendered by the justice of the peace, and conforms to sections 9024, 9025 of the Code.

In view of the amendment of the warrant, the question as to whether a person can maintain a suit by a trade-name is not involved.

The writ is denied.