Edward RYAN, Plaintiff-Appellant,

v.

T. D. McNEAL et al.,
Defendants-Respondents.

No. 39260.

Missouri Court of Appeals,
St. Louis District,
Division No. 3.

July 11, 1978.

London, Greenberg & Fleming, C. John Pleban, St. Louis, for plaintiff-appellant.

Charles W. Kunderer, Jack L. Koehr, City Counselor, St. Louis, for defendants-respondents.

KELLY, Judge.

Edward Ryan brings this appeal from a judgment of the Circuit Court of St. Louis County affirming the decision of the Board of Police Commissioners for the City of St. Louis to impose disciplinary action upon

him for alleged neglect of duty in the performance of his duties as a member of the St. Louis Metropolitan Police Department. Finding no error, we affirm.

The facts upon which the Board of Police Commissioners based its findings are fairly simple. Appellant was employed by the respondents as a police officer when, on September 5, 1975, the Inspector of the Police Department issued charges and specifications against him whereby it was charged that he was guilty of neglect of duty for failure to dispatch a patrol car on two separate occasions in violation of Section 9.001(r) of the Police Manual. On October 16, 1975, the Board conducted a hearing on these charges and specifications. On March 6, 1976, the appellant retired from the Police Department after serving in the Department for a period of 30 years and 6 days. On March 24, 1976, respondents filed their findings of fact and conclusions of law, wherein they found appellant guilty of the aforementioned charges and specifications and ordered loss of pay for a period of six days.

Appellant sought review of this administrative decision in the Circuit Court and after the affirmance of said decision by the Circuit Court took this appeal.

On appeal three issues are presented. Reduced to their essentials, these issues are that the Board of Police Commissioners acted in excess of its authority.

The first Point Relied On contends that the penalty imposed upon the appellant by the Board of Police Commissioners constitutes a fine and is, therefore, in violation of Article I, Section 31 of the Constitution of Missouri which prohibits the legislature from delegating to any administrative agency the power to make rules which establish fines for their violation.

In ruling on this Point we must necessarily take cognizance of the fact that if this forfeiture of pay imposed upon the appellant by the Board constitutes a fine, then the issue presented involves a problem of constitutional construction and we lack jurisdiction to decide it. Mo.Const. Art. V, § 3. However, from our study of the transcript

we conclude that the appellant has not properly preserved the constitutional issue for review. There is no mention of a violation of Article I, Section 31 by the appellant until he filed a motion for rehearing after the affirmation of the administrative body's decision by the Circuit Court.

■ The claim, as stated, is that the penalty imposed—forfeiture of pay pursuant to the provisions of Section 84.170(2) RSMo. 1969—is a "fine" and is therefore unconstitutional. No attack was made on the constitutionality of Section 84.170(2) authorizing the Board to impose forfeiture of pay for the violation of the lawful rules and regulations of the Board in the Circuit Court nor before the Board. Appellant raises the constitutionality of this provision of the statute for the first time in its brief filed in this Court. This question is, therefore, not preserved for review. *Kansas City, Clay County v. Carter*, 447 S.W.2d 805, 807[1] (Mo.App. 1969); *Kansas City v. Howe*, 416 S.W.2d 683, 686[4] (Mo.App. 1967). We hold that this constitutional issue was not preserved for review by this Court on appeal and therefore do not undertake to consider its merits.

Appellant's second Point, that the Board was divested of jurisdiction to render a decision in this disciplinary proceeding by reason of his retirement from the Police Department while the cause was still under submission is, in our opinion, without merit and must be denied.

Appellant has cited us no case supporting his position and our research has not surfaced any case in point. However, the Board has been empowered by the General Assembly to impose forfeiture of pay for the violation of its lawful orders and regulations. Section 84.170(2) RSMo. 1969. As we understand appellant's position, he contends that the power of the Board to discipline a police officer is limited by Rules 7.002 and 7.011 to members of the Department; that by taking retirement he ceased his membership in the Department and therefore the Board lost jurisdiction over him.

 When a public administrative body has the power to exercise quasi-judicial functions the same rules apply to it in the exercise of those powers as apply to courts generally, and its jurisdiction will not be defeated by rigid construction where the matter is fairly doubtful. 73 C.J.S. Public Administrative Bodies and Procedure, § 116, p. 435. The Board, in the conduct of a disciplinary hearing pursuant to the power conferred upon it by Section 84.120 RSMo. 1969, acts as a quasi-judicial body in a proceeding involving the legal rights, duties or privileges of the appellant. *Scism v. Long*, 280 S.W.2d 481, 483 (Mo. App. 1955). Having once acquired jurisdiction, the general rule applicable to courts, that where a court rightfully acquires jurisdiction of a case, it has a right to retain it and decide the case, and its jurisdiction should not be divested by the occurrence of a subsequent event over which the party seeking to defeat its jurisdiction has control, should be applied to the facts in this case. Missouri has recognized this rule in *Rouse v. Bank of Darlington*, 41 S.W.2d 159, 161 (Mo. 1931) and *State ex rel. McDowell v. Libby*, 238 Mo.App. 36, 175 S.W.2d 171, 174[6] (1943). We hold that the Board did not lose jurisdiction to render its decision in this case by the retirement of the appellant from the Police Department while the case was under submission, after an evidentiary hearing, but prior to the rendering of the Board's decision.

The appellant's final Point is that the Board based its findings on insufficient evidence, and this renders its decision invalid. We have reviewed the evidence and find that there was testimony by several persons that they had made calls asking for police assistance, that these calls were received by the appellant, and no police car was dispatched in response to these calls. In one of these, appellant admitted that he forgot to dispatch a police car in response to a call by Dennis McCarthy on June 3, 1975, after his attempts to send out a message over a police channel was unsuccessful because the channel was busy. In this same instance, Sergeant Donald Bohnert testified that when Mr. McCarthy called back because no

police car had been dispatched, he talked to Mr. McCarthy and then asked appellant if he had received Mr. McCarthy's call. Appellant denied that he had. Subsequently, Sergeant Bohnert and appellant listened together to a telaudgraphy tape of this call, kept in the normal course of police business, and the Sergeant recognized appellant's voice identifying himself to Mr. McCarthy.

 We conclude there is substantial evidence to support the findings of the Board and rule this Point against appellant.

Affirmed.

GUNN, P. J., and WEIER, J., concur.