Robert L. NICOLAI, Plaintiff-Appellant,

v.

CITY OF ST. LOUIS,
Defendant-Respondent.

No. 42426.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 19, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 10, 1981.

Application to Transfer Denied
Sept. 8, 1981.

Robert L. Nicolai, pro se.

Thomas A. Connelly, City Counselor, Michael E. Hughes, Asst. City Counselor, St. Louis, for defendant-respondent.

SNYDER, Judge.

This is an appeal by plaintiff-appellant Robert Nicolai from a judgment in favor of defendant-respondent City of St. Louis. The case originated in the small claims court when appellant sued Norman Livengood and respondent City of St. Louis for damages arising out of an automobile collision. The small claims court rendered judgment in favor of appellant and against respondent in the amount of $500 for damage to his automobile, but found in favor of Norman Livengood. Respondent city appealed the small claims court judgment to the circuit court but appellant Nicolai did not appeal from the small claims judgment in favor of Norman Livengood.

After a trial de novo before the circuit court sitting without a jury, judgment was rendered in favor of respondent. This appeal followed. The judgment is affirmed.

Appellant is not a member of the bar but represented himself throughout the trial and appellate court proceedings. Respondent has filed a motion to dismiss the appeal for failure to comply with Rule 84.04. The motion is denied in spite of substantial shortcomings in appellant's statement of facts and points relied on.

Appellant, in his pro se brief, asserts the trial court erred in four respects: (1) in failing to enter a judgment as to Norman Livengood; (2) in refusing to hear evidence and enter a default judgment against respondent on September 13, 1979 because a motion was pending; (3) in ruling that the proximate cause of the injury was not the failure of the City of St. Louis to place proper signs on a one-way street and that appellant was contributorily negligent; and (4) in entering judgment on an improperly captioned application for trial de novo. Appellant also argues that it is a violation of the equal protection clause to deny attorney fees as part of the judgment of the small claims court when the case is appealed de novo. These points are ruled against appellant and the judgment is affirmed.

The collision between an automobile driven by appellant and a pickup truck operated by Livengood occurred on March 24, 1979, in approximately the middle of the intersection of Branch Street and Blair Avenue in the City of St. Louis. Branch Street is a one-way street westbound in that area. Appellant was proceeding east on Branch Street and Livengood was proceeding north on Blair Avenue at the time of the collision.

Appellant had turned onto Branch Street from 19th Street and proceeded east on Branch Street to its intersection with Blair Avenue, one block away. At an undetermined distance from the Blair Avenue intersection, appellant saw the pickup truck operated by Livengood approaching the intersection from the south on appellant's right "at a medium rate of speed." As soon as appellant saw the pickup he applied his brakes and swerved, but was unable to avoid the collision. Appellant's vehicle was struck in the front at the right front tire.

The parties stipulated there were no signs designating Branch Street as a one-way street either at the 19th Street intersection, the Blair intersection or anywhere in between.

■ Appellant asserts the trial court erred in failing to enter a judgment including Norman Livengood. The point is not well taken. No appeal was taken either by respondent or appellant from the small claims court judgment in favor of Livengood. He was not a party to the proceedings in the trial de novo in the circuit court. The judgment of the small claims court in favor of Livengood and against appellant became final when no appeal was taken by appellant Nicolai. *Thomson v. Bast*, 309 S.W.2d 667, 670[2, 3] (Mo.App.1958).

Appellant next argues that the trial court erred in refusing to hear evidence and enter a default judgment against the City of St. Louis on September 13, 1979. The point is ruled against appellant.

■ Respondent had filed a motion for summary judgment which was pending. It was within the discretion of the trial court to refuse to enter a default judgment against respondent and continue the case to a later setting. Rule 65.01. There was no

abuse of that discretion. *In re M_____,* 446 S.W.2d 508, 513–514[13–16] (Mo.App. 1969); *Harms v. Simkin,* 322 S.W.2d 930, 933–934[4–7] (Mo.App.1959).

Appellant's third point challenges the trial court's ruling that the proximate cause of the injury was not the failure of the City of St. Louis to place the proper signs on the one-way street and that appellant was contributorily negligent. This point also has no merit.

Appellant traveled one block east on Branch Street unaware that it was a westbound one-way street. He testified that he saw the pickup truck approaching from the right traveling at such a speed as to prevent the pickup from stopping before it entered the unregulated intersection of Blair Avenue and Branch Street. Appellant was unable to estimate his own speed or his distance from the intersection when he first saw the pickup. Appellant applied his brakes and swerved to avoid the collision but was unable to do so.

Appellant's testimony was conflicting on the question whether his automobile or the pickup entered the intersection first. The trial court found that appellant was contributorily negligent because he proceeded to enter the intersection even though he saw the other vehicle approaching the intersection so fast that appellant believed it could not be stopped before it entered the intersection.

The trial court's finding that appellant was contributorily negligent and that his contributory negligence was a proximate cause of the collision was supported by substantial evidence and was not against the weight of the evidence. *Murphy v. Carron,* 536 S.W.2d 30, 32[1–3] (Mo.banc 1976). Rule 73.01.

Appellant claims that the trial court erred in entering judgment on an improperly captioned application for a trial de novo. He argues the trial court lacked jurisdiction to enter the judgment because the caption incorrectly stated his middle initial. Appellant's point was not raised in the trial court and is therefore not preserved for review.

*Bunting v. McDonnell Aircraft Corp.,* 522 S.W.2d 161, 168[11] (Mo.banc 1975); *South Side Plumbing Co. v. Tigges,* 525 S.W.2d 583, 590[17, 18] (Mo.App.1975).

Appellant's final point is that attorney fees should be awarded, apparently to the appealing party, as part of the judgment of the small claims court when the case is appealed for a trial de novo. He argues that because he cannot afford to hire an attorney when the case is appealed, he is denied the opportunity to be heard which violates the equal protection clauses of the Missouri Constitution, Article 1, Section 2, and the Fourteenth Amendment to the United States Constitution. Appellant did not raise this constitutional claim at the first available opportunity and has failed to preserve the issue for review. *Christiansen v. Fulton State Hospital,* 536 S.W.2d 159, 160[1, 2] (Mo.banc 1976); *Ryan v. McNeal,* 569 S.W.2d 361, 362[1] (Mo.App.1978).

The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.