Howard L. BRAVERMAN and wife,
Mollie E. Braverman,
Plaintiffs–Appellants,

v.

ROBERTS CONSTRUCTION COMPANY, INC., Farmington Boulevard Office Park, Wallace Roberts and John Staggers, Defendants–Appellees.

Court of Appeals of Tennessee,
Western Section, at Jackson.

Dec. 9, 1987.

Application for Permission to Appeal
Denied by Supreme Court
Feb. 29, 1988.

Eugene J. Podesta, Jr., Memphis, for plaintiffs-appellants.

Harland L. Smith, Jr., Memphis, for Farmington Boulevard Office Park, defendant-appellee.

CRAWFORD, Judge.

This case involves the validity of a General Sessions judgment lien recorded in the Register's Office.

In February, 1982, Farmington Boulevard Office Park filed suit in general sessions court against defendants Roberts Construction Company, Inc., Wallace Roberts and John Staggers. The suit was a forcible entry and detainer suit against Roberts Construction Company, Inc., for possession of certain leased premises and a judgment for the rental arrearage. The suit against Roberts and Staggers alleged that they were guarantors on the lease agreement between the construction company and Farmington. On March 23, 1982, the general sessions court entered judgment against Roberts Construction Company for possession of the property and $8,000 rental arrearage. The court also entered a judgment in favor of defendant Roberts and Staggers. Farmington appealed the general sessions judgment to the circuit court only as to Roberts and Staggers. Roberts Construction Company did not appeal from the judgment against it.

On April 5, 1982, Farmington filed a certified copy of the judgment in the Shelby County Register's Office in order to perfect a judgment lien pursuant to T.C.A. § 25-5-101 (1980). On the following day, April 6, 1982, a warranty deed from Roberts Construction Company to plaintiffs, Howard L. and Mollie E. Braverman, was filed in the Shelby County Register's Office along with a trust deed from the Bravermans securing a loan for the purchase of the property.

In February, 1983, Farmington proceeded in circuit court as provided by law to enforce the judgment lien and obtain a sale of the Braverman property in satisfaction of its General Sessions judgment. The Bravermans, as plaintiffs, filed the case before us against defendants, Roberts Construction Company, Inc., Farmington Boulevard Office Park, Wallace Roberts and John Staggers, to enjoin the proceeding to sell their property and for a declaratory judgment that the lien of the general sessions judgment was invalid. The general sessions appeal case in circut court involving plaintiff, Farmington, and defendants, Roberts and Staggers, was consolidated with this case for trial.

The chancery court enjoined the proceedings to sell the property pending the disposition of this case, and after trial on March 31, 1987, the trial court found that the judgment lien of the general sessions judgment was not extinguished by the appeal, but was suspended pending the outcome of the appeal. The following judgment was entered:

1. That Defendant Farmington Boulevard Office Park have and recover of Wallace Roberts and John Staggers, individually, jointly, and severally, the amount of $2,359.82.

2. That Defendant Farmington Boulevard Office Park have and recover of Defendant Roberts Construction Company, Inc., the amount of $8,000.00.

3. That the judgment lien hereinabove referred to be and is hereby declared to be in full force and effect.

4. That the injunction heretofore granted in this cause be and is hereby dissolved.

The Bravermans have appealed and present one issue on appeal which we quote from their brief:

1. Whether the trial court erred in holding that a judgment lien was not extinguished by the appeal of the General Sessions Court judgment but rather was merely suspended pending the outcome of such appeal.

Although both the appellant and the appellees have approached this case from the standpoint of making a determination of whether the general sessions judgment lien was extinguished by appeal of the general sessions judgment, we believe that under the facts of this case there must first be a determination of whether there was an appeal of the general sessions court judgment. Obviously, if there was no appeal of the general sessions court judgment, the lien of the judgment could not be affected. Therefore, before we reach the issue presented by the Bravermans, we must first determine whether the appeal by

Farmington as to defendants, Roberts and Staggers only, from the general sessions judgment in their favor, operates as an appeal from the judgment rendered for Farmington against Roberts Construction Company. We will only reach appellants' issue if we determine that the judgment as to Roberts Construction Company was appealed.

Apparently the trial court also approached this case on the premise that the entire general sessions court case was appealed to and before the circuit court and after consolidation was before the chancery court. This is evident from the trial court judgment for $8,000 against Roberts Construction Company, which would allow a double recovery if this were not the same case as the general sessions case.

Counsel have not cited any authority on the point presented by the first determinative issue. T.C.A. § 27–5–108 (1980) provides in pertinent part:

27–5–108. **Appeal from general sessions court.**—(a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.

\* \* \* \* \* \*

(c) Any appeal shall be heard de novo in the circuit court.

(d) If no appeal is taken within the time provided, then execution may issue.

The legislature has made it clear that general sessions appeal cases should be disposed of on their merits in a trial de novo. T.C.A. § 19–1–118 (1980), T.C.A. § 20–11–108 (1980). De novo is defined as "anew; afresh; a second time." *Black's Law Dictionary* 392 (5th ed. 1979).

Does this mean that all parties in the general sessions court case must be again

parties in the circuit court case? Our research has revealed only one Tennessee case touching on this point. In *Christie v. Williamson,* 4 Tenn.Civ.App. (4 Higgins) 161 (1914), suit was brought before the justice of the peace[1] to enforce a furnisher's lien on real estate of defendant, Williamson, and for judgment against the contractor Pearcy to whom the materials had been furnished for use on the property. The justice of the peace rendered judgment for the plaintiff against the contractor Pearcy for the amount due and entered judgment that the attachment on Williamson's land be sustained. The contractor, Pearcy, did not appeal to the circuit court, but defendant Williamson appealed the judgment of the court sustaining the attachment and holding her property subject to a lien. In the circuit court, Williamson's motion to quash and discharge the attachment and dismiss plaintiff's suit was sustained on the ground that the furnisher must either obtain a judgment against the contractor before bringing an action to enforce the lien, or the contractor must be a party to the action. If the contractor is not a party to the action, then the owner must be furnished with an adjudicated claim. The court, in reversing the trial court and remanding the case for further proceedings, stated:

We think, in this case, that the defendant, Mrs. Williamson, was presented with an adjudicated claim, or rather that the claim of $250 by plaintiff against Pearcy, was adjudicated and settled in the suit by the Justice Taylor, as is shown by his judgment entered on his papers. The defendant, Pearcy, did not dispute or controvert the correctness of the justice's judgment against him, but was satisfied with it, and for that reason prayed no appeal therefrom. It then became an

---

1. The general sessions court has now, for all intents and purposes, taken the place of the justice of the peace court as it previously existed. T.C.A. § 16–15–701 (1980) provides:

16–15–701. **Pleading and practice.**—The laws regulating pleading and practice, form of writs and process, stay of judgments and appeals from judgments in civil cases in the courts of justices of the peace shall apply to

and govern the courts of general sessions, except where expressly provided to the contrary in this chapter or §§ 18–4–201—18–4–203, 20–12–143, 27–5–108. All the statutes regulating the conduct of proceedings before justices of the peace in civil and criminal cases shall apply to proceedings in said courts.

adjudicated claim between plaintiff, Christie, and the defendant, Pearcy, and he, not having appealed from such adjudication, was forever bound thereby. When the cause reached the Circuit Court on the appeal of the defendant, Mrs. Williamson, plaintiff's claim against the defendant, Pearcy, was still an adjudicated claim. The appeal of the defendant, Mrs. Williamson, did not affect that adjudication nor operate to set it aside or in any way annul it, and when her learned counsel made his motion in the Circuit Court, to quash and dismiss the proceedings as to her, the claim of plaintiff, Christie, against the defendant, Pearcy, was then an adjudicated one—was no longer an open account, but had merged into the judgment of a Court which had jurisdiction of the subject matter and of Mr. Pearcy, one of the parties to the suit, and for these reasons we are of the opinion that the defendant, Williamson, had no right to have the attachment quashed and dismissed.

*Id.* at 172–73.

Although there are few cases in other jurisdictions dealing with this point, there is authority supporting the position of our Tennessee courts.

In *Thompson v. Bast & Maher,* 309 S.W. 2d 667 (Mo.App.1958), plaintiff sued the two defendants for damages arising out of an automobile collision. The magistrate court rendered judgment in favor of plaintiff against defendant Mayer and in favor of defendant Bast. Mayer appealed the judgment against him. In the circuit court, Bast moved for dismissal on the ground that the plaintiff had not appealed from the judgment of the magistrate and it was therefore final as to him. The trial court subsequently sustained the motion and plaintiff appealed. The Court noted that the Missouri statutes give a right of appeal to any party "aggrieved by any judgment" of the magistrate's court and for a trial de novo in the circuit court. The Court, in sustaining the circuit court's dismissal of the case as to Bast, stated:

> In applying the statute cited to similar situations, it has been consistently held that where there are two or more defendants to an action before a magistrate and only one of the defendants appeals from the magistrate's judgment, the judgment as to the remaining defendants is final and they are not before the Circuit Court for another trial. (Citations omitted). The defendant is asserting no action against his co-defendants and is therefore not aggrieved by a judgment affecting them. It is the plaintiff who is aggrieved by a judgment in favor of one or more of the defendants and he may appeal as to all of them.

*Id.* at 670.

In *Nicolai v. City of St. Louis,* 619 S.W. 2d 769 (Mo.App.1981), the plaintiff sued Norman Livengood and the City of St. Louis in the small claims court for damages arising out of an automobile collision. The court rendered a judgment in favor of plaintiff against the City of St. Louis, but found in favor of defendant Livengood. The City of St. Louis appealed the judgment against it, but plaintiff did not appeal from the judgment in favor of Livengood. After a trial de novo in the circuit court, judgment was rendered for the City of St. Louis, and plaintiff has appealed. Plaintiff, among other things, asserts that the circuit court erred in failing to enter a judgment as to Livengood. On this assertion the court said:

> Appellant asserts the trial court erred in failing to enter a judgment including Norman Livengood. The point is not well taken. No appeal was taken either by respondent or appellant from the small claims court judgment in favor of Livengood. He was not a party to the proceedings in the trial de novo in the circuit court. The judgment of the small claims court in favor of Livengood and against appellant became final when no appeal was taken by appellant Nicolai.

*Id.* at 770.

For similar results *see Burns v. Murray,* 121 Colo. 491, 218 P.2d 740 (1950).

██ In the case at bar, the general sessions plaintiff, Farmington, apparently felt that it had not received an "adverse decision" in the general sessions court as

to the defendant Roberts Construction Company, and took no appeal as to this decision. In view of the authority cited, a provision for de novo trial in the circuit court must be taken to mean a de novo trial as to the parties before that court by appeal. In the case before us, when no appeal was taken as to the judgment against Roberts Construction Company, the judgment became final and was an adjudicated claim. *See Christie v. Williamson,* 4 Tenn.Civ.App. (4 Higgins) 161 (1914). Since there was a valid judgment, the lien of the judgment established by filing in the Register's Office of Shelby County pursuant to T.C.A. § 25–5–101 (1980) is a valid and subsisting lien.

■ There being no appeal of the general sessions judgment against Roberts Construction Company, the trial court erred in granting a money judgment against the construction company for the same claim. The trial court correctly held the lien to be valid, but for an incorrect reason. The appellate courts can affirm a decree correct in result although rendered upon different, incomplete or erroneous grounds. *See Hopkins v. Hopkins,* 572 S.W.2d 639 (Tenn.1978).

Accordingly, the judgment of the trial court awarding money damages against Roberts Construction Company is reversed and the judgment in all other respects is affirmed. The case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against the appellant.

FARMER, J., and McLEMORE, Special Judge, concur.