CARL MILLIKEN,                    )
                                  )
    Plaintiff/Appellant,          )          Appeal No.
                                  )          01-A-01-9806-CV-00271
v.                                )
                                  )
STEVEN FELDT, LORI FELDT,         )          Sumner Circuit
and ROBERT GASKIN,                )          No. 17935-C
Individually,                     )
                                  )
    Defendants/Appellees.         )

**FILED**

**July 1, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE


APPEAL FROM THE CIRCUIT COURT FOR

SUMNER COUNTY,

AT GALLATIN, TENNESSEE


THE HONORABLE THOMAS GOODALL, JUDGE


WALTER H. STUBBS
554 West Main Street
Gallatin, Tennessee  37066
    ATTORNEY FOR PLAINTIFF/APPELLANT


CURTIS M. LINCOLN
175 East Main Street, 2nd Floor
Hendersonville, Tennessee  37075
    ATTORNEY FOR DEFENDANTS/APPELLEES


AFFIRMED IN PART,
REVERSED IN PART,
and REMANDED


WILLIAM B. CAIN, JUDGE

# O P I N I O N

This case involves an appeal from the Sumner County Circuit Court's de novo review of a case from General Sessions Court, in which only one of the General Sessions Defendants perfected an appeal to circuit court.

Carl Milliken filed suit in the General Sessions Court for Sumner County on Dec. 2, 1997. According to the warrant the defendants, Steven and Lori Feldt were called to answer a claim "for damages for breach of contract, misrepresentation, either intentional or negligent, and violation of the Tennessee Residential Property Disclosure Act, arising from material defects in roof of property at 102 Jackstaff Drive, Hendersonville Tennessee 37075."

Although no verbatim transcript is available from that proceeding, the record before us reveals that Mr. Milliken obtained a judgment in General Sessions Court for $7,500, against the Feldts and against third party defendant Robert Gaskin, the contractor who had allegedly repaired the roof in question. In the same proceeding, Mr. and Mrs. Feldt obtained a judgment over and against Mr. Gaskin in the same amount.

From the action of the General Sessions Court Steven Feldt alone perfected an appeal to the Circuit Court of Sumner County, Honorable Thomas Goodall presiding. With regard to its de novo appellate jurisdiction over the controversy, the Circuit Court found as follows:

> [T]he appeal of the Husband/Defendant, STEVEN FELDT, was also an appeal of the Wife/Defendant, LORI FELDT, and further, that the appeal process brought all the parties, including the Third Party Defendant in the Defendants, FELDT, case and co-defendant in the Milliken Case, ROBERT GASKIN, before the Court.

Regarding the substantive issues in the trial, the court dismissed Mr. Milliken's claim against Mr. and Mrs. Feldt, and ordered Mr. Gaskin to repair Mr. Milliken's roof within thirty days of the date of judgment.

2

From these actions of the trial court, Mr. Milliken appeals. The trial court erred in finding that the appeal from General Sessions Court by Steve Feldt alone served to bring Lori Feldt and Robert Gaskin before the Circuit Court. Tennessee Code Annotated section 27-5-108 provides:

> (a) Any party may appeal from an adverse decision of the general sessions court to the circuit court of the county within a period of ten (10) days on complying with the provisions of this chapter.
>
> (b) This provision allowing ten (10) days in which to perfect an appeal shall apply in every county of Tennessee, any provision of any private act to the contrary notwithstanding, it being the legislative intent to establish a uniform period of ten (10) days in which any such appeal may be perfected in any county in Tennessee.
>
> (c) Any appeal shall be heard de novo in the circuit court.
>
> (d) If no appeal is taken within the time provided, then execution may issue.

Tenn. Code Ann. § 27-5-108 (1980).

The effect of this statute is plain in a two-party lawsuit appealed from general sessions to circuit court. The application becomes complex when the general sessions action concerns multiple parties-defendant or parties-plaintiff. Appellees argue that all parties were properly before the circuit court. They urge that Steven Feldt simply failed to include his wife on the notice of appeal form when he filed it. They argue that the failure of Mr. Feldt to include Mrs. Feldt as an appellant was excusable neglect and that the circuit court was free to allow an amendment to the notice of appeal. As authority for this proposition, Appellees rely on the case of *Ware v. Meharry Medical College*, 898 S.W.2d 181(Tenn. 1995). Such reliance is misplaced. *Ware* concerned the effect of the monetary jurisdictional limit of the General Sessions Court on the de novo appellate proceeding before the circuit court. Adopting the dissenting opinion of Judge Koch in the Court of Appeals, the Supreme Court held:

> This appeal presents an opportunity to consider the continuing soundness of the judge-made limits on the circuit court's jurisdiction in cases appealed from the general sessions court.

3

The Tennessee Supreme Court has not confronted this issue directly since the Tennessee Rules of Civil Procedure became effective almost twenty-five years ago. Present litigation reality indicates that limiting the circuit court's jurisdiction to that of the general sessions court interferes with the circuit court's ability to resolve all claims efficiently on the merits in one expeditious proceeding.

*Ware v. Meharry Medical College*, 898 S.W.2d 181, 183 (Tenn. 1995).

As the *Ware* opinion indicates, the application of the Tennessee Rules of Civil Procedure to cases appealed to the circuit court promotes judicial economy and the ability to address the merits of a controversy in a single proceeding. The underlying presumption in *Ware* is that the parties are properly before the court on appeal. The only case in our jurisprudence addressing the propriety of hearing de novo appeals where less than all of the general sessions parties suffering adverse judgments have perfected appeal to the circuit court is *Braverman v. Roberts Const. Co., Inc.* 748 S.W.2d 433 (Tenn. Ct. App. 1987). The rule is squarely put: "a provision for de novo trial in the circuit court must be taken to mean a de novo trial as to the parties before that court by appeal." *Braverman* at 437. Appellees noted in oral argument as we note upon reviewing the record, that the trial court apparently believed the rule of *Braverman*, had been overruled. There is no citation to the supposed overruling authority. To our knowledge this rule has not been altered, and we find no reason to readdress the rule here.

The perfection of appeal to circuit court is accomplished by compliance with the statute, and is jurisdictional in effect. *See Love v. College Level Assessment Services, Inc.,* 928 S.W.2d 36, 38 (Tenn. 1996). This holding seems inconsistent with the statement in *Ware* that circuit courts have correctly allowed the addition of parties to actions on appeal from general sessions. The sole authority for the latter statement is the case of *Cooke v. Neighborhood Grocery*, 173 Tenn. 681, 122 S.W.2d 438 (1938); *cited in Ware v. Meharry Medical College*, 898 S.W.2d 181, 185 fn. 6 (Tenn. 1995). The actual amendment in *Cooke* was to allow a successful general sessions plaintiff suing in his trade name

4

to include his personal name in the absence of the unsuccessful defendant who had in fact properly perfected appeal to the circuit court. *Cooke v. Neighborhood Grocery*, 173 Tenn. 681, 122 S.W.2d 438 (1938). Clearly such is not the situation in the case at bar. Nor is this a situation in which the individual filed a pauper's oath but failed to formally appear before the Judge of the General Sessions Court and pray for an appeal. *See Spencer v. Dixie Fin. Co.,* 205 Tenn. at 487, 327 S.W.2d at 302 (1959). The appeal bond was filed in the name of Steven Feldt. The case was docketed, and no request was made to correct this alleged error until the date of trial. The failure to perfect appeal in conformity with statutory requirements is not an informality in the contemplation of Tennessee Code Annotated section 16-15-729. *See Ware, supra.* Thus the only parties properly before the circuit court were Mr. Steven Feldt and Mr. Carl Milliken. The finding of the trial court to the contrary must be and is hereby reversed.

As for the substantive issue regarding the dismissal of suit against Mr. Steven Feldt, our standard is clear. The trial court made specific findings of fact which this court must presume are correct absent a preponderance of evidence to the contrary. Tenn. R. Civ. P. 13 (1999). We find no such preponderance against the trial court's finding that Steven Feldt had no way of knowing there was any damage to the roof that had not been repaired.

Appellant's final issue concerns the failure of the trial court to award damages based on diminution of value. Since we affirm the trial court's dismissal as to the only source of such a remedy, we do not reach that issue here. The effect of this court's ruling does nothing to imperil Mr. Milliken's ability to obtain the damages awarded in General Sessions Court. In view of our finding that Mr. Gaskin was not properly before the trial court and of our affirmance of the trial court's dismissal as to Steven Feldt, the judgment of the General Sessions Court remains effective as to Carl Milliken, Lori Feldt and Robert Gaskin. The actions of the trial court are affirmed in part, reversed in part and remanded for further proceedings not inconsistent with this opinion. Costs on appeal are taxed equally against the litigants Steven Feldt and Carl Milliken.

_____
WILLIAM B. CAIN, JUDGE


CONCUR:



_____
BEN H. CANTRELL, P.J., M.S.


_____
PATRICIA J. COTTRELL, JUDGE