## J. F. HOUSER *v.* J. T. M. McKENNON.

1. JUSTICE'S JUDGMENT. *When void.* A Justice of the Peace has jurisdiction to render judgment upon an open account for $250 only; and a judgment for more than that amount is absolutely void, though the excess may have been for accumulated interest. 9 Yerg., 30; Martin & Yerg., 240; 1 Hum., 332; 6 Cold., 32.

2. SAME. *How and when such judgment may be resisted.* Such judgment may be resisted whenever an attempt is made to enforce it; and the defendant may bring it into the Circuit Court to have the proceedings quashed, without giving a reason for having failed to appeal.

3. SAME. *Proceedings quashed. When.* A judgment for a sum exceeding the jurisdiction of the Justice must be quashed; and a judgment rendered against the defendant by the Circuit Court, for a sum within the jurisdiction of the Justice, will not cure the defect.

---

FROM MAURY.

---

Appeal from the Circuit Court. WM. P. MARTIN, Circuit Judge.

N. R. WILKES for Houser.

A. C. HICKEY for McKennon.

DEADERICK, J., delivered the opinion of the Court.

McKennon obtained a judgment, upon an open account against Houser, for $252.50, upon a warrant in debt under $500, before S. D. Herndon, a Justice of the Peace of Maury County. Houser brought the case into the Circuit Court, where, on leave granted,

he amended his petition contesting the jurisdiction of the Justice to render a judgment, and entered a motion to quash the proceedings.

Motion to dismiss the petition and amended petitions were made and overruled.

The Court refused to quash the proceeding, and submitted the cause to a jury, who gave a verdict against Houser for $39.50, and the cause is brought into this Court by writ of error.

The Justice's judgment was absolutely void, and it may well be resisted whenever an attempt is made to enforce it.

The defendant does not lose his right to contest it by failing to appeal; having no validity, because of want of jurisdiction, the defendant may bring it into the Circuit Court to have the proceedings quashed, without giving a reason for having failed to appeal. And it makes no difference that the excess of the judgment, over the sum of which the Justice has jurisdiction, is made up of interest, nor that the Circuit Court judgment is for a sum of which the Justice has jurisdiction. In this case the Justice's jurisdiction is limited to $250, and the judgment being for a greater sum, is void. 9 Yerg., 30; Mart. & Yerg., 240; 1 Hum., 332; 6 Cold., 32.

The judgment of the Circuit Court will be reversed, and the proceedings before the Justice will be quashed.