LEO E. WEAVER, JR., Plaintiff-in-Error, v. JOHN WALLACE CROMER, Defendant-in-Error.—392 S. W. (2d) 835.

Middle Section, at Nashville. February 26, 1965.

Certiorari Denied by Supreme Court August 2, 1965.

W. P. Ortale, Nashville, for plaintiff in error.

Thurman Thompson, Lewisburg, for defendant in error.

PURYEAR, J. This case originated in the General Sessions Court of Marshall County and we will refer to the parties herein as they were designated in the trial court. The Plaintiff, Leo E. Weaver, Jr., filed suit in the General Sessions Court of Marshall County to recover property damage as the result of an automobile accident and the trial in the General Sessions Court resulted in a judgment in favor of the Plaintiff for $362.95, from which judgment the Defendant, John Wallace Cromer, prayed and perfected an appeal to the Circuit Court of that County. The case was tried in the Circuit Court by the Trial Judge without the intervention of a jury and this trial also resulted in a judgment in favor of Plaintiff for $362.95. In due time, the Defendant filed a motion for a new trial which was overruled by the Circuit Judge, following which action of the Court, the Defendant thereupon made a motion in arrest of judgment, which motion was sustained by the Trial Judge and from the order sustaining the motion in arrest of judgment the Plaintiff has prayed and perfected his appeal to this Court.

The real question involved in this case is the validity of the civil warrant upon which the suit was commenced in the General Sessions Court. In his memorandum opinion, record pages 12-13, the Trial Judge summarized his opinion on the validity of this warrant in the following language:

"The warrant simply does not state a cause of action. The nature and ownership or other interest in the property is not set out, the acts of negligence complained of are not alleged and the law or laws violated are not set out."

In his first assignment of error, Plaintiff's counsel contends that the Court erred by not applying the proposition of law that a civil warrant need contain only a brief statement of the cause of action sufficient to give the Defendant reasonable notice of what he is called upon to answer. The warrant is in the following language:

"STATE OF TENNESSEE, MARSHALL COUNTY

To Any Lawful Officer to Execute and Return:

Summon *John Wallace Cromer, Chapel Hill, Tennessee* to appear before the Court of General Sessions of said County, to be held at the Courtrooms of said Court in *Lewisburg* in said County on the *18* day of *Jan., 1964, at 9:00 A.*M., then and there to answer in a civil action brought by *Leo E. Weaver, Jr.,* for *property damage caused by the negligent, careless and unlawful operation of an automobile, owned and driven by the defendant, on or about May 10, 1963 on State Highway #99 in Marshall County, Tennessee in an amount* under *$750.00* Dollars.

This the *2* day *Jan., 1964.*

Willie Cheatham
_____

Clerk of Court of General Sessions.''

(emphasis supplied)

██ ██ It must be remembered that this suit was commenced in General Sessions Court and that this Court is a successor to the Justice of the Peace Court in this State and, therefore, substantially the same rules of procedure in civil cases that applied in Justice of the Peace Courts also apply in General Sessions Court. The Justice of the Peace Court was created for the purpose of giving persons having litigation within certain limits an opportunity to bring such litigation to trial without all the formalities that are attendant upon proceedings in Circuit and Chancery Courts and in order to preserve this informality on appeal, Code Section 19-425 was enacted which provides as follows:

"No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo.''

Thus, it will be seen that the Legislature intended to preserve the informalities of the Justice of the Peace Court and the General Sessions Court so that cases may be tried upon their merits without regard to any formality except that which is absolutely essential.

In one of the old cases on this subject, which has not been overruled, our Supreme Court said:

"In proceedings before justices of the peace the strictness in pleading, which is required in courts of record, has never been enforced. All that we can expect or demand from these domestic tribunals is such reasonable precision and certainty in their proceedings as may be necessary for the attainment of justice.

It has often been held by this court that it is not necessary that the warrant should set out the cause of action with that particularity and precision which are required in a declaration in a court of record. Some general statement indicating the grounds of the action, so that the defendant may not be mislaid in preparing his defense, is all that is necessary. The warrant does not stand in lieu of a declaration. It is simply a summons to the defendants to appear and answer. The pleadings are *ore tenus*. And that which in a court of record may be done by proper pleading and proof may, as a general rule, be done before a justice of the peace by the production of the proof alone." Wood v. Hancock, 23 Tenn. 465-467.

In his reply brief, Defendant's counsel cites Nashville, C. & St. L. Railroad Co. v. Davis, 127 Tenn. (19 Cates) 167, 171. In this case of Nashville, C. & St. L. Railroad Co. v. Davis, the warrant was simply in the following language:

"State of Tennessee, Maury County.

To any Lawful Officer to Execute and Return:

Summons Nashville, Chattanooga & St. Louis Railway Company, a corporation doing business in the

State of Tennessee, to appear before me or some other justice of the peace of said county, to answer W. T. Davis, next friend of Lonnie Davis, a minor child, in a civil suit upon damages for personal injuries.

Under $500. This 10th day of January, 1912.

R. H. Guest, Justice of the Peace.''

■■ We think there is quite a difference between the warrant in the instant case and the warrant involved in the case of Nashville, C. & St. L. Railroad Co. v. Davis, supra. In other words, the warrant in Nashville, C. & St. L. Railroad Co. v. Davis, supra, does not even state the time that the injury was alleged to have occurred or the county in which it occurred, but on the other hand, in the instant case the warrant states that the damage was caused (1) by the negligent, careless and unlawful operation of an automobile owned and driven by the Defendant, (2) on or about May 10, 1963, (3) on State Highway #99 in Marshall County, Tennessee; and this was certainly sufficient to give the Defendant ample notice of the cause of action he would be required to defend. It is true that the warrant in the instant case does not state specific acts of negligence and unlawful acts which the Plaintiff charges the Defendant with committing, but we do not think it is necessary for the warrant to be so specific as to the averments of negligence.

Therefore, we think the Trial Judge erred in sustaining the motion in arrest of judgment. The Appellant's first assignment of error designated as ''A'' is sustained, the judgment of the Trial Court is reversed and judgment will be entered in this Court for the Plaintiff against the Defendant in the sum of $362.95 and costs.

Since we are sustaining the first assignment of error and entering judgment here for the Plaintiff, it will be unnecessary for us to consider the remaining assignments of error, especially since the Trial Judge sustained the motion in arrest of judgment upon the ground that, in his opinion, the warrant did not state a cause of action.

Shriver and Humphreys, JJ., concur.