A. W. MILLER, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

TOMMY JOHNSON, Plaintiff-in-Error,

*v.*

STATE OF TENNESSEE, Defendant-in-Error.

405 S.W.2d 466.

(*Knoxville,* September Term, 1965.)

Opinion filed July 12, 1966.

644

Ladd & Qualls, Harriman, and McCluen & Cooley, Rockwood, for plaintiffs in error.

George F. McCanless, Attorney General, Edgar P. Calhoun, Asistant Attorney General, Nashville, H. Kenneth Deatherage, Assistant Attorney General, Kingston, and James P. Watkins, District Attorney General, Loudon, prosecuted case for State in trial court, for defendant in error.

Mr. Justice Chattin delivered the opinion of the Court.

Plaintiffs-in-error, A. W. Miller and Tommy Johnson, in this opinion referred to as defendants, were separately indicted for unlawfully possessing intoxicating liquor. The cases were consolidated for trial.

The defendants waived their right to a jury trial and the cases were tried before the trial judge, Honorable James C. Witt.

The only evidence offered by the State was obtained by means of search warrants authorizing the search of each defendant's premises for intoxicating liquors.

The same officer executed both search warrants and found thirteen and one-half pints and fifteen and one-

half pints of bonded whiskey on the premises of Miller and Johnson, respectively.

The defendants objected to this evidence on the ground the search warrants were invalid because they were issued by a justice of the peace. It being their position Chapter 77 of the Private Acts of 1959 establishing the General Sessions Court for Roane County divested justices of the peace of Roane County of all criminal and civil jurisdiction and vested their jurisdiction, power and authority in the General Sessions Court.

The trial judge overruled the objection and found both defendants guilty and fined each $100.00. He also sentenced each to thirty days in jail which he suspended on good behavior.

Thus, the only question for our consideration is whether the Private Act creating the General Sessions Court for Roane County divested the power of a justice of the peace of that county to issue a search warrant.

Section 2 of Chapter 77 of the Private Acts of 1959 provides:

"Section 2. Be it further enacted, That should this Act apply to Roane County, the said Court shall be officially designated as the 'General Sessions Court of Roane County', and the said Court is hereby vested with all of the jurisdiction and shall exercise the authority conferred by the General Assembly of the State of Tennessee upon the Justices of the Peace in civil and criminal cases and actions, and the Justices of the Peace in all Counties to which this Act applies are hereby divested of all such jurisdiction, power, and authority. The authority of said Justices of the Peace in their capacity as members of the Quarterly County

Court, or in the performance of the rites of matrimony is in no wise affected by this Act; and the said Justices of the Peace shall retain the power and authority to issue warrants, both civil and criminal, and to subpoena witnesses, but said warrants shall be returnable for trial before the Judge of the General Sessions Court. But this Act shall in no wise affect the rights, powers and duties of any City Judge or Recorder in said County, except insofar as the City Judge or Recorder may exercise the said functions of an ordinary Justice of the Peace.''

█ The jurisdiction, powers and authority of a justice of the peace are largely subject to the will of the Legislature. *Hancock v. Davidson County et al.*, 171 Tenn. 420, 104 S.W.2d 824 (1937); *Prescott v. Duncan*, 126 Tenn. 106, 148 S.W. 229 (1912); *Metropolitan Government of Nashville and Davidson County v. Poe*, 215 Tenn. 53, 383 S.W.2d 265 (1964).

The above quoted Section of the Act clearly states the General Sessions Court of Roane County is vested with all legislative jurisdiction of justices of the peace in civil and criminal cases and actions. It divests all such jurisdiction, power and authority of justices of the peace in counties to which it applies, except that of the power and authority of performing the duties of issuing civil warrants, warrants of arrest and subpoenas for witnesses.

▪ █ The issuance of a search warrant is a judicial function. *Marsh v. State*, 185 Tenn. 103, 203 S.W.2d 372 (1947); *Elliott v. State*, 148 Tenn. 414, 256 S.W.431 (1923); *Craven v. State*, 148 Tenn. 517, 256 S.W. 431 (1923).

■ The power and authority of a justice of the peace to issue a search warrant emanates from legislative action. T.C.A. Section 40-114; T.C.A. Section 40-505.

■ It is our opinion the Private Act having clearly stripped the justices of the peace of Roane County of all their judicial powers conferred on them by the Legislature, the issuance of the search warrants in these cases was invalid and the trial judge was in error in holding to the contrary.

Accordingly, the trial court is reversed and the cases remanded.

BURNETT, CHIEF JUSTICE, and WHITE, DYER and CRESON, JUSTICES, concur.