# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE

AMBROSE W. J. CLAY,               )
                                  )
    Plaintiff/Appellant,          )    Appeal No.
                                  )    01A01-9811-CV-00577
v.                                )
                                  )    Davidson County Circuit
JOHN JASON SMITH and              )
LOUIS F. SMITH                    )    No. 97C-3635
    Defendant/Appellee.           )

**FILED**

**June 23, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

COURT OF APPEALS OF TENNESSEE

APPEAL FROM THE CIRCUIT COURT
FOR DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE BARBARA HAYNES, PRESIDING


AMBROSE W. J. CLAY
1704 Ashwood Avenue
Nashville, Tennessee   37212

ACTING PRO SE FOR PLAINTIFF/APPELLANT

ALAN M. SOWELL
GRACEY, RUTH, HOWARD, TATE, & SOWELL
150 Second Avenue, North
Suite 201
Nashville, Tennessee  37201

ATTORNEY FOR DEFENDANTS/APPELLEES


**AFFIRMED AND REMANDED**

        PATRICIA J. COTTRELL, JUDGE

CONCUR:

KOCH, J.
CAIN, J.

# MEMORANDUM OPINION[1]

Ambrose W. J. Clay commenced this negligence action after a June 1996 collision involving a car he was driving and a vehicle driven by John Jason Smith, seeking damages for personal injuries and property damage. The Circuit Court issued a defense verdict from which Mr. Clay appeals. We affirm.

The case was originally heard in General Sessions Court. After that court entered judgment for Mr. Smith, Mr. Clay sought review in the Circuit Court.

In his *pro se* appeal, Mr. Clay argues that irregularities fatally tainted his trial in General Sessions Court. That contention lacks merit because Mr. Clay's second full trial on the merits in Circuit Court rendered moot the errors, if any, arising in his first trial. *See Ware v. Meharry Med. College*, 898 S.W.2d 181, 185 (Tenn. 1995).

During the *de novo* bench trial in Circuit Court, Mr. Clay, his chiropractor, and Mr. Smith each testified. After hearing all the evidence, including the testimony of the witnesses and the exhibits thereto, the trial court found for the defense.

By issuing a defense verdict, the Circuit Court implicitly found that Mr. Smith did not cause the collision. The record supports that conclusion. As the appellant, Mr. Clay bears the burden in this appeal of showing that the evidence

---

[1]Rule 10 (Court of Appeals). **Memorandum Opinion. --** (b) The Court, with the concurrence of the judges participating in the case, may affirm, reverse, or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion, it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

preponderated against that finding. *Galbreath v. Harris*, 811 S.W.2d 88, 91 (Tenn. App. 1990);Tenn. R. App. P 13 (d). Inasmuch as Mr. Clay has presented insufficient facts or law to support a different result, we must conclude that he failed to satisfy that burden.

Nor did the trial court err by refusing to permit Mr. Clay to proceed on appeal *in forma pauperis.* The trial court's inquiry into whether Mr. Clay's assets entitled him to proceed on appeal as a poor person was authorized by Tenn. R. App. P. 18 (a). The defendants were not required to appear because they were not seeking permission to appeal *in forma pauperis.*

Because we affirm the trial court's finding that Mr. Smith was not liable for the collision, the remaining errors Mr. Clay raises on appeal are moot. As Mr. Smith was not liable for the collision, he could not be liable for property damage to the car Mr. Clay was driving. Further, absent some showing that Mr. Clay possessed an ownership interest in the car he was driving, his property damage claim was barred. *See Irvin v. City of Clarksville*, 767 S.W.2d 649, 653 (Tenn.App. 1988) (claimant must prove ownership interest in property in order to seek damages for its destruction).[2]

Accordingly, the judgment for Mr. Smith is affirmed. This case is remanded for such further proceedings as may be necessary. Costs are taxed to Mr. Clay for which execution may issue.

---

[2]Mr. Smith objected to the admission of evidence of property damage to the car Mr. Clay was driving on the ground that Mr. Clay's wife owned the car and she was not a party to the action. The trial court sustained that objection. The fact that the owner of Mr. Smith's car did not attend the trial is immaterial because the owner of that car did not seek damages.

_____
PATRICIA J. COTTRELL, JUDGE

-4-

CONCUR:

_____
WILLIAM C. KOCH, JR., JUDGE


_____
WILLIAM B. CAIN, JUDGE