IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
May 9, 2002 Session

## BAMBI KENNEDY, d/b/a KENNEDY MARKETING SERVICES v. TITAN SPECIALIZED SERVICES, INC.

**Direct Appeal from the Circuit Court for Rutherford County**
**No. 45124      Hon. Robert E. Corlew, Chancellor**

---

**No. M2001-02696-COA-R3-CV - Filed June 5, 2002**

---

On appeal from Sessions Court, the Chancellor allowed a set-off on the indebtedness. Plaintiff appeals, contending defendant filed no pleading which would entitle him to a set-off. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which BEN H. CANTRELL, J., and WALTER C. KURTZ, SP. J., joined.

G. Kline Preston, IV., Nashville, Tennessee, for Appellant.

Brad Hornsby, Murfreesboro, Tennessee, for Appellee.

**OPINION**

Plaintiff filed the action in Sessions Court, seeking unpaid fees for marketing services. The Sessions Court entered Judgment for the plaintiff on July 3, 2001, for fees owed in the amount of $3817.68. On July 6, 2001, defendant appealed the case to Circuit Court.

The record indicates that the Circuit Court heard the matter, but there is no transcript or statement of the evidence in the record. The only information as to what occurred during the hearing is a letter from the Chancellor to the attorneys dated September 11, 2001, and the Exhibits in the record. The letter states that the Court had previously determined that plaintiff proved damages, except for some minor charges regarding "translation of list book to disc" and an escrow account. The letter then states:

The issue then further arises as to whether the Court should consider in this cause defenses that the Defendant was in fact required to make payment to third-parties for advertising services which he did not authorize and did not authorize the Plaintiff to authorize. The evidence is undisputed that the Defendant initially hired the Plaintiff to work as a marketing agent. The evidence further is undisputed that a portion of the work conducted by the Plaintiffs on behalf of the Defendant was the preparation of advertisements and placing of those advertisements in two publications known as "Power Quality," and "Electrical Contracting & Engineering News." The evidence is undisputed that the Defendant authorized two *Power Quality* advertisements although the Plaintiff authorized four such advertisements. Similarly, the proof is undisputed that the Plaintiffs contracted for publication of an additional advertisement in *Electrical Contracting & Engineering News*. The evidence shows that the payment of the amounts involved in these advertisements exceeds the amount for which the plaintiff has sued.

At issue before us is the question whether in an appeal from General Sessions Court the Circuit Court can consider the amounts asserted as a setoff without the filing of a specific counter-complaint. It appears that the Court should consider those other issues to the extent that they are raised as a setoff. It is therefore the duty of the Court to dismiss the action.

The Circuit Court then entered an Order of Dismissal, and this Appeal ensued.

As noted, no transcript or statement of the evidence was filed, and defendant filed a Motion to Dismiss on the grounds there was no transcript of evidence presented in this Court. By Order of this Court it was ruled that appellant was precluded from challenging any of the Circuit Court's findings of fact, but appellant could challenge the Court's legal conclusions, and thus the motion to dismiss was denied.

Appellant argues that it was improper for the Circuit Court to allow defendant to present evidence regarding money it had paid for advertising which plaintiff authorized without defendant's consent, and for allowing these sums to be set-off against plaintiff's proven damages. Since all of the facts as found by the Chancellor are conclusively presumed to be correct, the only issue before this Court is whether the defendant was required to file a written pleading seeking to set off the amounts as found by the Trial Judge.

In *Vinson v. Mills*, 530 S.W.2d 761 (Tenn. 1975), the Supreme Court was faced with the issue of whether the parties had to file written pleadings in a case appealed from the Sessions Court to Circuit Court. It held that parties are not required to replead their actions, reissue process or take any other retrospective step. *Id*. The Court recognized that pleadings in General Sessions courts are oral, and that the practice prior to the enactment of the Rules was to allow oral pleadings in Circuit Court upon appeal from General Sessions. The Court concluded that the enactment of the Rules had not changed this pleading practice, and the Rules only applied to the extent that the Trial

Court directed them to be applied in a given case. *Id.*

This rationale has been followed by this Court in cases dealing with General Sessions appeals, and we have allowed defendants' counter-claims to be asserted where no written pleadings were filed. *See Hendersonville Wrecker Service v. Grubbs*, 1986 WL 13503 (Tenn. Ct. App. Dec. 3, 1986); *Edlund v. Dodge Country, Inc.*, 1987 WL 17872 (Tenn. Ct. App. Oct. 5, 1987). We have recognized and followed the direction of Tenn. Code Ann. §16-15-729 when dealing with appeals from General Sessions Courts:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

> *Accord: Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995).

Based upon the foregoing authority, we conclude the Circuit Court acted properly in allowing credit for sums paid by defendant in order to provide "complete resolution of all the claims between the parties". *Ware*, p.184. The Trial Court did not require the parties to have written pleadings, and stated that it would consider this issue as justification for non-payment. This is in accord with the foregoing authorities, and we affirm the Judgment of the Trial Court.

Appellee asks that this appeal be declared frivolous pursuant to Tenn. Code Ann. § 27-1-122.

We cannot say this appeal was so obviously devoid of merit or lacking in justiciable issues that it would warrant sanctions. Accordingly, the appellee's request for attorney's fees is denied.

The Judgment of the Trial Court is affirmed and the cause remanded, with the cost of the appeal assessed to appellant, Bambi Kennedy.

_____
HERSCHEL PICKENS FRANKS, J.

-3-