IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
SEPTEMBER 17, 2008 Session

## JOE MURPHY, individually, d/b/a/ COOL FLAME LAMPS v. RESURGENCE FINANCIAL, LLC, Assignee of WELLS FARGO BANK

Appeal from the Circuit Court for Carroll County
No. 07-CV72    Donald E. Parish, Judge

No. W2008-00197-COA-R3-CV - Filed October 2, 2008

Appellee Bank filed suit against Appellant to collect for charges made to Appellant's account. The general sessions court entered judgment in favor of Appellee Bank; Appellant, proceeding *pro se*, appealed that decision to the Circuit Court at Carroll County. The circuit court affirmed the judgment of the general sessions court and Appellant appeals. In the absence of a transcript or statement of the evidence, the trial court's factual findings are conclusive on appeal, and we affirm.

.
**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY M. KIRBY, J., joined.

Joe Murphy, Huntingdon, TN, *pro se*

Barry J. Gammons, Nashville, TN, for Appellee
Thomas B. Norris, Nashville, TN, for Appellee

## MEMORANDUM OPINION[1]

Appellee Bank filed suit against Appellant to collect for charges made to Appellant's account. The general sessions court entered judgment in favor of Appellee Bank; Appellant, proceeding *pro se*, appealed that decision to the Circuit Court at Carroll County. The circuit court affirmed the judgment of the general sessions court and Appellant appeals. In the absence of a

---

[1] Rule 10 (Court of Appeals). Memorandum Opinion. This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any subsequent unrelated case.

transcript or statement of the evidence, the trial court's factual findings are conclusive on appeal, and we affirm.

This case began in February 2007 in the General Sessions Court of Carroll County when Appellee Resurgence Financial, L.L.C., Assignee of Wells Fargo Bank (hereinafter, "Resurgence") filed a civil warrant against Appellant Joe Murphy, individually and d/b/a Cool Flame Lamps. Resurgence sought judgment in the amount of $8,229.13 for charges allegedly made on Mr. Murphy's account. The warrant was supported by the affidavit of Resurgence's Outsourcing Coordinator, whose testimony corroborates the claimed deficit on Mr. Murphy's account. Specifically, and in relevant part, the affidavit reads: "Credit having been given for all payments and offsets, the account balance of Joseph Murphy individually and d/b/a Cool Flame Lamps is $8229.13 and is true, just and owing."

The trial court ordered Mr. Murphy to file a sworn denial, and advised him to seek legal counsel. On March 13, 2007, Mr. Murphy filed a document titled "Notice / Motion to Strike," wherein he asserts that the evidence proferred by Resurgence, including a "Bill of Sale & Assignment of Accounts," was insufficient to prove its claim for $8,229.13. We note that the disputed "Bill of Sale & Assignment of Accounts" is not included in the record before us.

On September 25, 2007, Mr. Murphy appeared in the general sessions court without counsel. The trial court allowed Mr. Murphy to present evidence, and to argue his motion to strike (no transcript was taken). Following the hearing, on September 25, 2007, the general sessions court entered judgment against Mr. Murphy in the amount of $8,229.13 plus costs.

Mr. Murphy appealed the general sessions judgment to the Circuit Court at Carroll County. A hearing was held on December 12, 2007. At the hearing, Mr. Murphy proceeded *pro se*, and no court reporter was present. The circuit court affirmed the general sessions court's ruling, and entered judgment in favor of Resurgence in the amount of $8,229.13 plus costs on December 28, 2007. Mr. Murphy appeals and raises one issue for review as stated in his brief:

> The instant Judge denied Defendant/Appellant a fair and unbiased trial due to a lack of any local legal representation. After contacting numerous Attorneys, Defendant realized his only choice was self-representation.

Tenn. Code Ann. § 16-15-729 (Supp.2007) governs appeals from general sessions court to

circuit court, and requires a *de novo* review by the circuit court.[2] As our Supreme court held in ***Ware v. Meharry Medical College***, 898 S.W.2d 181 (Tenn.1995):

> *De novo* appeals from the general sessions court differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.

*Id*. at 184 (citations omitted).

Consequently, this Court reviews the decision of the circuit court *de novo* upon the record with a presumption of correctness as to the trial court's determination of facts. We must affirm those findings unless the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); ***Union Carbide v. Huddleston***, 854 S.W.2d 87, 91 (Tenn.1993).

We are cognizant of the fact that Mr. Murphy is proceeding *pro se.* While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, ***Hodges v. Tenn. Att'y Gen***., 43 S.W.3d 918, 920 (Tenn. Ct. App.2000) (citing ***Paehler v. Union Planters Nat'l Bank, Inc.***, 971 S.W.2d 393, 396 (Tenn. Ct. App.1997)), "[p]ro se litigants are not ... **entitled to shift the burden of litigating their case to the courts."** ***Whitaker v. Whirlpool Corp***., 32 S.W .3d 222, 227 (Tenn. Ct. App.2000) (citing ***Dozier v. Ford Motor Co.***, 702 F.2d 1189, 1194-95 (D.C.Cir.1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. ***Hodges***, 43 S.W.3d at 920-21.

This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review. Tenn. R. App. P. 24(b). In the instant case, the record is very sparse. It contains neither a transcript of the evidence adduced by the circuit court, nor a Tenn. R.App. P. 24 statement of the evidence. Moreover, as noted above, the disputed document that Mr. Murphy refers to as the "Bill of Sale & Assignment of Accounts" is absent from the record. Consequently, we cannot review this document for its alleged shortcomings.

In the documents filed at the trial level, and in his appellate brief, Mr. Murphy makes numerous factual assertions that are not supported by the record; consequently, we cannot consider those assertions in reaching our decision. Because there is no transcript or statement of the evidence, we are limited to consideration of the trial court's order, which states that, following "a full hearing," the court affirmed the judgment against Mr. Murphy. As we have said on many occasions, in the

---

[2] The statute reads: "No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages."

absence of a transcript of the trial proceedings or a statement of the evidence, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App.1992).

      For the foregoing reasons, we affirm the judgment of the trial court. Costs of this appeal are assessed against the Appellant, Joe Murphy and his surety.

 

_____

J. STEVEN STAFFORD, J.