# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER 14, 2010 Session

## SHIRLEY NICHOLSON v. LESTER HUBBARD REALTORS, ET AL.

### Direct Appeal from the Circuit Court for Shelby County
### No. CT-005422-04      Kay S. Robilio, Judge

### No. W2010-00658-COA-R3-CV - Filed October 28, 2010

After Plaintiff appealed from general sessions to circuit court, the circuit court entered an order requiring her to file a formal complaint. The circuit court then granted the Defendants' motion to dismiss the complaint for failure to state a claim. We find no error in the trial court's decision to require Plaintiff to file a formal complaint, but we reverse its determination that the amended complaint failed to state a claim upon which relief could be granted.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded**

ALAN E. HIGHERS, P.J., delivered the opinion of the Court, in which DAVID R. FARMER, J. and HOLLY M. KIRBY, J., joined.

Sam F. Cole, Jr., Memphis, Tennessee, for the appellant, Shirley Nicholson

Kenneth M. Margolis, Memphis, Tennessee, for the appellees, Lester Hubbard Realtors, Regina H. Hubbard, Lester Hubbard and Kimberly Jackson

## OPINION

### I. FACTS & PROCEDURAL HISTORY

Shirley Nicholson ("Plaintiff") filed a civil warrant against Lester Hubbard Realtors, Regina H. Hubbard, Lester Hubbard, and Kimberly Jackson (collectively, "Defendants") in Shelby County General Sessions Court. The civil warrant stated that Plaintiff's action was one "for negligence and violation of the Consumer Protection Act, 47-18-101 T.C.A. et. seq., proximately resulting in damages to Plaintiff regarding the sale of 1950 Ponderosa, Memphis, Tenn. and purchase of 7675 Breezewood Cove, Memphis, Tenn. in October 2001 and thereafter; Wherefore, Plaintiff sues for actual, compensatory and/or double or treble damages, attorney fees and costs under $25,000.00." The General Sessions Court entered judgment for Defendants, and Plaintiff appealed to circuit court.

In circuit court, Plaintiff filed a demand for trial by jury, but she did not file a complaint, electing instead to rely upon her civil warrant filed in General Sessions Court. Plaintiff then filed a motion for summary judgment, supported by her own affidavit. In response, Defendants filed the affidavit of Lester Hubbard, along with an exclusive listing contract entered into by the parties. Defendants also filed a motion to dismiss for failure to state a claim, contending that Plaintiff's civil warrant should be dismissed because it failed to state a claim upon which relief could be granted.

Following a hearing, the circuit court entered an order denying Plaintiff's motion for summary judgment and denying Defendant's motion to dismiss for failure to state a claim. The court's order further provides that, "*Sua Sponte*, the Court ruled that Plaintiff is to file a formal Complaint setting out the basis of her claimed relief in this cause within thirty (30) days[.]." Plaintiff subsequently filed a document entitled, "Plaintiff's Amendment to Pleadings." The Amendment to Pleadings alleged that "the Defendants engaged the Plaintiff [sic] to obtain a buyer for her real property," and when they located a buyer, they told Plaintiff that she had to close the sale by October 26, 2001. Plaintiff further alleged that she closed on the sale "based on statements given to her by Defendants that she would be quickly moving into her new home at 7675 Breezewood Cove[.]" Plaintiff claimed that she took time off from her job from October 29 until November 2, 2001, in order to complete the closing on her new home, and she moved all of her property into a moving truck "for the move into her new home that she was shortly moving into based upon the advice and representations given to her by Defendants." She alleged that she placed her frozen food onto the moving truck in order to move it into her new home "which Defendants told her she would be quickly moving into." Plaintiff claimed that her frozen food had to be disposed of after three days on the moving truck. According to Plaintiff's allegations, she was unable to move into her new home until December 21, 2001. As such, from October 26 until

December 21, she was required to pay rent for another place to live, pay storage fees for her personal property, and pay additional moving truck costs. Plaintiff also claimed that she lost income from her job "during the period that Defendants told Plaintiff to take off from work." In sum, Plaintiff alleged that Defendants "have been guilty of negligence and violation of the Tennessee Consumer Protection Act[.]"

Defendants then filed a second motion to dismiss for failure to state a claim. The circuit court entered an order dismissing Plaintiff's claim for "failure to state a claim upon which relief can be granted." Plaintiff timely filed a notice of appeal.

## II. ISSUES PRESENTED

On appeal, Plaintiff contends that the circuit court erred in requiring her to file a formal complaint, and she claims that the allegations in her civil warrant were sufficient to state a cause of action under the rules applicable in general sessions courts. Defendants, on the other hand, argue that the circuit court did not err in requiring Plaintiff to file a formal complaint or in dismissing her amended pleading for failure to state a claim.

## III. DISCUSSION

### A. Filing a Formal Complaint

First, we will address Plaintiff's contention that the circuit court erred in requiring her to file a formal complaint rather than relying upon the civil warrant she filed in general sessions. Plaintiff relies upon *Vinson v. Mills*, 530 S.W.2d 761, 764 (Tenn. 1975), where the Supreme Court granted certiorari to review the Court of Appeals' determination that in a case appealed from general sessions to circuit court, a defendant is required to file a formal answer. The Supreme Court explained:

> It is true that Rule 1 of the Tennessee Rules of Civil Procedure provides that the Rules are applicable to civil actions appealed or otherwise transferred to the circuit or chancery courts. The Rules are expressly not applicable in the general sessions court, except in those instances where that court exercises equivalent jurisdiction to circuit or chancery by virtue of a special statutory provision.
> Nothing in the Rules, however, requires that the parties replead their action, reissue process or take any other retrospective step, once a case is appealed from a general sessions court to a circuit court. A special provision is contained in Rule 38.03 for the filing of a jury demand in such cases, and the time for doing so is specified.

It is the opinion of this Court that the Tennessee Rules of Civil Procedure are applicable, insofar as pertinent, to cases appealed to the circuit court from the general sessions court, but that the Rules do not require the filing of written pleadings, issuance of new process, or any other steps which have been completed prior to the appealing of the case to the circuit court.

T.C.A. § 19-425,[1] which applies to general sessions courts as well as to justice of the peace courts, is still in force and effect, and it provides:

> 'No civil case, originating before a justice of the peace and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper; and the trial shall be de novo.'

While we are in agreement with the Court of Appeals that written pleadings are more desirable than oral ones, the practice prior to the adoption of the Tennessee Rules of Civil Procedure was to have oral pleadings in the circuit court, upon appeal there from the general sessions court, unless, of course, either party relied upon a claim or defense which was required to be under oath or otherwise in written form. In such cases, of course, a written statement of the matter would probably have been necessary initially in the general sessions court or would have been supplied in the circuit court on appeal.

The Rules of Civil Procedure did not change the practice in regard to the pleading of appealed cases in the circuit court. The Rules are applicable to such cases, after the appeal has been docketed, only insofar as then pertinent or relevant. Certainly pretrial discovery procedures are available in the circuit court in such cases, time permitting, and the Rules governing the trial and disposition of cases in that court are also applicable. The rules governing pleadings, however, do not apply except to such extent and insofar as the trial judge may direct them to be applied in given cases, in carrying out the provisions of T.C.A. § 19-425 or in the disposition of his docket under any applicable local rules.

---

[1] Section 19-425 is now codified at Tennessee Code Annotated section 16-15-729. It contains nearly identical language, but the phrase "justice of the peace" has now been replaced with "general sessions court," and the current statute also provides that the trial shall be de novo, "including damages."

***Vinson***, 530 S.W.2d at 765.

In the case before us, Plaintiff correctly cited ***Vinson*** for the notion that "the Rules do not require the filing of written pleadings, issuance of new process, or any other steps which have been completed prior to the appealing of the case to the circuit court." "Even though the Tennessee Rules of Civil Procedure apply to general sessions cases appealed to the circuit court, the parties are not required to file formal pleadings." ***Ware v. Meharry Medical College***, 898 S.W.2d 181, 185 (Tenn. 1995) (citations and footnote omitted). Thus, the Rules of Civil Procedure did not require Plaintiff to file a formal complaint when she appealed to circuit court.[2]

Nevertheless, we disagree with Plaintiff's contention that the trial court lacked authority to order her to file a formal complaint. The Supreme Court in ***Vinson*** concluded by stating, "The rules governing pleadings . . . do not apply except to such extent and insofar as the trial judge may direct them to be applied in given cases, in carrying out the provisions of T.C.A. § 19-425 or in the disposition of his docket under any applicable local rules." Section 19-425, now codified at Tennessee Code Annotated section 16-15-729, provides that "the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper." From our reading of this statute in conjunction with ***Vinson***, we conclude that it is permissible for the trial court to direct the parties to file formal pleadings when necessary to reach the merits of the case, upon such terms as the court deems just and proper.[3] Because Plaintiff's civil warrant merely alleged that Defendants were being sued "for negligence and violation of the Consumer Protection Act . . . regarding the sale of 1950 Ponderosa, Memphis, Tenn. and purchase of 7675 Breezewood Cove, Memphis, Tenn. in October 2001 and thereafter," we find no error in the trial court's decision to require Plaintiff to file a formal complaint "setting out the basis of her claimed relief in this cause."

### B.    *Dismissal for Failure to State a Claim*

The amended pleading that Plaintiff filed in circuit court alleged that Defendants told her that she had to close on the sale of her home by October 26, 2001, and that she closed on that date "based on statements given to her by Defendants that she would be quickly moving

---

[2] Of course, "[t]he parties may, . . . without the court's direction, file pleadings, engage in discovery, and take advantage of the procedural flexibility in the Tennessee Rules of Civil Procedure." ***Ware***, 898 S.W.2d at 185.

[3] At least one author has reached the same conclusion. *See* 1 Pivnick, *Tenn. Cir. Ct. Prac.* § 3:11 (2010 ed.) (explaining that on appeal from general sessions to circuit court, formal pleadings are not necessary "unless expressly ordered by the circuit court").

into her new home at 7675 Breezewood Cove[.]" Plaintiff claimed that Defendants instructed her to take time off work from October 29 until November 2, 2001, in order to complete the closing on her new home. She alleged that she moved all of her property into a moving truck "for the move into her new home that she was shortly moving into based upon the advice and representations given to her by Defendants." According to the pleadings, Plaintiff was unable to move into her new home until December 21, 2001, and as a result, she incurred additional rental expenses, storage fees, moving costs, and damage to her property. Plaintiff alleged that Defendants were therefore "guilty of negligence and violation of the Tennessee Consumer Protection Act[.]"

"A Rule 12.02(6) motion to dismiss seeks only to determine whether the pleadings state a claim upon which relief can be granted ." *Edwards v. Allen*, 216 S.W.3d 278, 284 (Tenn. 2007). The motion challenges the legal sufficiency of the complaint, admitting the truth of all relevant and material averments contained therein, but asserting that such facts do not constitute a cause of action. *Id.* "It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief." *Trau-Med of America, Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). We are required to take the relevant and material factual allegations in the complaint as true and to liberally construe all allegations in favor of the plaintiff. *Edwards*, 216 S.W.3d at 284. Applying these principles to the case at bar, we cannot say that Plaintiff's amended pleading is so deficient that it fails to state a claim upon which relief could be granted.

## IV. CONCLUSION

For the aforementioned reasons, we reverse the decision of the circuit court and remand for further proceedings. Further, we decline to award attorney's fees to Defendants. Costs of this appeal are taxed equally to the Defendants/Appellees, Lester Hubbard Realtors, Regina H. Hubbard, Lester Hubbard, and Kimberly Jackson, and the Plaintiff/Appellant, Shirley Nicholson, and her surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, P.J., W.S.