IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS JULY 9, 2008

## MARTHA VALENTINE v. RAYMOND HOBSON

**Direct Appeal from the Circuit Court for Fayette County**
**No. 5033          J. Weber McCraw, Judge**

---

**No. W2008-00696-COA-R3-CV  -  Filed July 24, 2008**

---

*Pro se* Appellant filed suit against Appellee Landlord for damages following a forcible entry and detainer. Appellant appealed the decision of the general sessions court to the Circuit Court at Fayette County. The circuit court found that Appellant had failed to meet her burden of proof and dismissed the appeal. Finding no error, we affirm.

**Tenn. R. App. P. 3; Appeal as of Right; Judgement of the Circuit Court Affirmed**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., and DAVID R. FARMER, J., joined.

Martha Valentine, Pro Se

Raymond Hobson, Pro Se

### MEMORANDUM OPINION[1]

Appellant Martha Valentine was evicted from her apartment for violating her obligations under the Tennessee Housing Development Agency's ("THDA") administrative plan and statement of family responsibility.[2] Following a hearing before the appeals and complaints division, the THDA

---

[1] Rule 10 (Court of Appeals). *Memorandum Opinion.* This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any subsequent unrelated case.

[2] Ms. Valentine's specific violations include "unauthorized household members, unreported income, and

(continued...)

upheld Ms. Valentine's eviction and terminated her participation in the Section 8 voucher program. By letter of February 12, 2007, the THDA notified Ms. Valentine of its decision. The letter indicates that Ms. Valentine's landlord, Appellee Raymond Hobson, had provided her notice to vacate the apartment, and that Ms. Valentine had violated the THDA's lease term requirement by signing a lease on a Mississippi apartment. [3]

In December 2007, Ms. Valentine filed suit against Mr. Hobson in the General Sessions Court of Fayette County, alleging "wrongful eviction, no return of deposit, & mental anguish in the amount of $25,000.00." The court ruled against Ms. Valentine and she appealed to the Circuit Court at Fayette County. By Order of April 3, 2008, the circuit court found that Ms. Valentine had failed to sustain her burden of proof and dismissed her appeal. From this ruling, Ms. Valentine appeals.

Tenn. Code Ann. § 16-15-729 (Supp. 2007) governs appeals from general sessions court to circuit court, and requires a *de novo* review by the circuit court.[4] As our Supreme court held in ***Ware v. Meharry Medical College***, 898 S.W.2d 181 (Tenn. 1995):

> *De novo* appeals from the general sessions court differ from other types of appellate proceedings. The circuit court does not review the general sessions court's decision. Rather, it provides the parties an entirely new trial as if no other trial had occurred and as if the case had originated in the circuit court.

***Id***. at 184 (citations omitted).

Consequently, this Court reviews the decision of the circuit court *de novo* upon the record with a presumption of correctness as to the trial court's determination of facts. We must affirm those

---

(...continued)
disturbing the neighborhood."

[3] Mr. Hobson has filed no brief in this appeal.

[4] The statute reads:

> No civil case, originating in a general sessions court and carried to a higher court, shall be dismissed by such court for any informality whatever, but shall be tried on its merits; and the court shall allow all amendments in the form of action, the parties thereto, or the statement of the cause of action, necessary to reach the merits, upon such terms as may be deemed just and proper. The trial shall be de novo, including damages.

findings unless the evidence preponderates to the contrary. Tenn. R. App. P. 13(d); *Union Carbide v. Huddleston*, 854 S.W.2d 87, 91 (Tenn. 1993).

We are cognizant of the fact that Ms. Valentine is proceeding *pro se*. While a party who chooses to represent himself or herself is entitled to the fair and equal treatment of the courts, *Hodges v. Tenn. Att'y Gen.*, 43 S.W.3d 918, 920 (Tenn. Ct. App. 2000) (citing *Paehler v. Union Planters Nat'l Bank, Inc.*, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997)), "[p]ro se litigants are not...entitled to shift the burden of litigating their case to the courts." *Whitaker v. Whirlpool Corp.*, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000) (citing *Dozier v. Ford Motor Co.*, 702 F.2d 1189, 1194-95 (D.C. Cir. 1983)). *Pro se* litigants must comply with the same substantive and procedural law to which represented parties must adhere. *Hodges*, 43 S.W.3d at 920-21.

This Court's review is limited to the appellate record and it is incumbent upon the appellant to provide a record that is adequate for a meaningful review. Tenn. R. App. P. 24(b). In the instant case, the record is very sparse. It does not contain a transcript of the evidence adduced by the circuit court, or a Tenn. R. App. P. 24 statement of the evidence. Although Ms. Valentine has filed with this Court a handwritten document purporting to summarize her testimony, as well as that of her witness, this document does not comport with Tenn. R. App. P. 24(c), and is not properly made a part of the record before us.[5] Without a transcript or statement of the evidence, we find it impossible to reach Ms. Valentine's factually driven issues arising out of the circuit court's dismissal of her appeal. As we have said on many occasions, in the absence of a transcript of the trial proceedings or a statement of the evidence, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's findings." *Sherrod v. Wix*, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Here, the trial court specifically found that Ms. Valentine failed to sustain her burden in this case. Without the evidence before us, we cannot determine the preponderance thereof.

Accordingly, the order of the trial court is affirmed. Costs of this appeal are assessed to the Appellant, Martha Valentine, and her surety for which execution may issue if necessary.

 

 

 

 

_____
J. STEVEN STAFFORD, JUDGE

---

[5] Specifically, the document provided by Ms. Valentine is not certified, nor has same been filed in the trial court.